IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RICO COHN                                                                                            PLAINTIFF

        v.                         Civil No. 12-5218

DETECTIVE SCOTT CARLTON,
Fayetteville Police Department; and
the FAYETTEVILLE POLICE
DEPARTMENT                                                                                      DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's motion for leave to proceed *in forma pauperis* (IFP)(Doc. 4). For the reasons stated below, it is my recommendation that Plaintiff's IFP application be denied and his Complaint be dismissed.

### Background

According to the allegations of the complaint, Defendant advised Plaintiff that he was a suspect in the murder of Nina Ingram in 2006. While he was being questioned, Plaintiff was offered, and accepted, a can of Dr. Pepper. Defendant took the can and cup and obtained Plaintiff's DNA. Defendant had the DNA analyzed and advised Plaintiff his DNA matched.

Plaintiff was arrested and charged with capital murder. Plaintiff alleges that the Defendant used false statements to obtain a warrant for Plaintiff's arrest. Plaintiff maintains his innocence.

As relief, Plaintiff seeks the immediate termination of the Defendant, a public apology, and a re-evaluation of all convictions Defendant was involved in. Additionally, he seeks compensatory and punitive damages.

-1-

AO72A
(Rev. 8/82)

## Discussion

The Plaintiff is an inmate of the Washington County Detention Center. Pursuant to 28 U.S.C. § 1915A the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In reviewing an IFP application, there is a two step process followed by the Court. First, a determination of whether the Plaintiff qualifies by economic status under § 1915(a) and, if so, to permit the complaint to be filed. Second, a determination of whether the cause of action stated in the complaint is frivolous or malicious and, if so, to dismiss the complaint. Martin-Trigona v. Stewart, 691 F.2d 856, 857 (8th Cir. 1982); 28 U.S.C. § 1915A(b)(On review, the court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.); see also 28 U.S.C. § 1915(e)(2)(B).

In his affidavit, Plaintiff indicates he has no cash, checking, or savings account. The records from the Washington County Detention Center show his monthly deposit averaged $34.42. The information supplied by Plaintiff appears to be sufficient to determine that Plaintiff would qualify by economic status for IFP status.

However, the claims are clearly subject to dismissal as they are frivolous and fail to state claims upon which relief may be granted. In Baker v. McCollan, 443 U.S. 137 (1979), the Supreme Court stated:

> The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted-indeed, for every suspect released. Nor are the manifold procedural protections afforded criminal defendants under the Bill of Rights "without limits." *Patterson v. New York*, 432 U.S. 197, 208, 97 S.Ct. 2319, 2326, 53 L.Ed.2d 281 (1977). "Due

AO72A
(Rev. 8/82)

> process does not require that every conceivable step be taken, at whatever cost, to eliminate the possibility of convicting an innocent person." *Ibid.*
>
> The Fourteenth Amendment does not protect against all deprivations of liberty. It protects only against deprivations of liberty accomplished "without due process of law." A reasonable division of functions between law enforcement officers, committing magistrates, and judicial officers-all of whom may be potential defendants in a § 1983 action-is entirely consistent with "due process of law." Given the requirements that arrest be made only on probable cause and that one detained be accorded a speedy trial, we do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent. Nor is the official charged with maintaining custody of the accused named in the warrant required by the Constitution to perform an error-free investigation of such a claim. The ultimate determination of such claims of innocence is placed in the hands of the judge and the jury

Id., 443 U.S. at 145-46.

Here, Plaintiff does not deny that proper procedures were used to arrest him. The criminal charge is currently pending against him. Rather, he merely claims he is innocent of the charge and therefore should not be held in jail. I conclude Plaintiff has stated no claim that his rights under the Due Process Clause have been violated.

### **Conclusion**

I therefore recommend Plaintiff's claims be dismissed because they are frivolous and fail to state claims upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(IFP action, or any portion thereof, may be dismissed if it fails to state a claim). The dismissal of this case will count as a strike for purposes of 28 U.S.C. § 1915(g). The Clerk should be directed to place a § 1915(g) strike flag on this case. Accordingly, I recommend that Plaintiff's request to proceed IFP be denied and Plaintiffs' Complaint be dismissed.

**Plaintiff has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 27th day of March 2013.

/s/ *Erin L. Setser*
　　　HON. ERIN L. SETSER
　　　UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)